Jeff D. ASTON et al., Appellants,

v.

Golda Aston LYONS, Appellee.

No. 8637.

Court of Civil Appeals of Texas, Texarkana.

Jan. 16, 1979.

Mike D. Gibbs, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellants.

Robert F. Bartlett, Stanford & Bartlett, Canton, for appellee.

RAY, Justice.

This is a summary judgment case. Jeff D. Aston and Angus W. Aston, appellants (plaintiffs), brought suit against their sister, Golda Aston Lyons, appellee (defendant), to set aside and cancel the alleged last will and testament of their father, S. W. Aston, deceased. The handwritten will of S. W. Aston had been admitted to probate on March 18, 1965. On December 10, 1973, appellants filed suit to set aside the will on the basis that it was a forged instrument. Appellee Lyons filed her motion for summary judgment contending that appellants' cause of action was barred by limitations. The trial court granted Appellee Lyons' motion for summary judgment and appellants have perfected their appeal.

The judgment of the trial court will be reversed and the cause remanded.

Appellants' single point of error is as follows:

"The trial court erred in granting the motion for summary judgment filed by the Defendant, Golda Aston Lyons, since she failed to establish, as a matter of law, that Appellants' action was barred by limitation."

Section 93 of the Texas Probate Code provides the period for contesting probate

and that portion of the Code applicable to this case is as follows:

"After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. . . ."

A suit to set aside or cancel a will that has been probated is a direct attack upon the judgment admitting the will to probate. In order to avoid limitations at the trial on the merits, the burden was upon appellants to plead and prove that the S. W. Aston will was a forgery, that appellants had used diligence in discovering the forgery, and that suit was instituted within two years after the discovery of such forgery. Appellants' pleadings assert that the S. W. Aston will is a forgery; that they did not know of the existence of the will until shortly prior to filing suit; and that upon learning of the existence of the will, they had the instrument examined and discovered it to be a forgery. Shortly thereafter, suit was brought to cancel the will. Appellants did not allege that they had used reasonable diligence in discovering the forgery. However, no exceptions have been filed by appellee questioning the pleadings of appellants. Appellee contends that it was incumbent upon appellants not only to exercise reasonable diligence in discovering the alleged forgery or fraud, but to plead facts showing why they were unable to timely discover the alleged forgery. Appellee further asserts that because appellants failed to plead facts as to why they could not have sooner discovered the alleged forgery, no material fact issue was raised which would preclude the trial court from granting appellee's motion for summary judgment based on a plea of limitations.

The granting of a summary judgment in this case on the pleadings alone would have been reversible error since no special exceptions had been filed complaining of appellants' petition. Appellants are entitled to an opportunity to amend their petition to state a cause of action. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974).

Appellee Lyons, as the moving party seeking a summary judgment, had the burden to plead and prove by summary judgment proof that no genuine issue of material fact exists and that she was entitled to judgment as a matter of law. Lyons, in order to prevail in her position as movant, had to establish that appellants had discovered the will to be a forgery more than two years prior to bringing suit; or, establish as a matter of law that appellants did not use reasonable diligence in discovering the will to be a forgery; or, establishing as a matter of law that the will was not a forgery. In the absence of special exceptions having been filed by Lyons, it must be presumed for summary judgment purposes, that had exceptions been filed, then the Aston brothers would have amended their petition to allege a proper cause of action. Since the record itself does not show that Lyons' limitation defense was established as a matter of law, then Lyons had to conclusively establish by summary judgment proof the elements of her defense prescribed by Section 93 of the Texas Probate Code. This she did not do. Her proof showed that the will was admitted to probate more than two years preceding the suit brought by appellants, but appellee's proof did not show that the will was discovered to be a forgery more than two years prior to bringing suit or that if appellants had used reasonable diligence, they could have discovered the forgery within two years following the will's probate. If Appellee Lyons' (defendant's) summary judgment proof had overcome appellants' allegations of the recent discovery that the will was a forgery, then appellants (plaintiffs) could not stand on their pleadings alone, but would have been required to produce sufficient proof to raise a genuine issue of material fact in order to avoid the granting of a summary judgment against them. *Torres*

*v. Western Casualty and Surety Company,* 457 S.W.2d 50 (Tex.1970).

The two year statute of limitations did not begin to run in this case from the date the will was offered for probate or the date that the will was probated. The statute of limitations began to run from the date that appellants discovered that the will was a forgery or from the date that appellants, in the exercise of reasonable care and diligence, should have learned that the will was a forgery. So far as we are able to determine, this is a case of first impression in the application of the discovery rule to the statute of limitations concerning forgery under Section 93, Texas Probate Code. Many cases have applied the discovery rule to limitation of actions for fraud. *Whatley v. National Bank of Commerce,* 555 S.W.2d 500, 505 (Tex.Civ.App. Dallas 1977, no writ).

The discovery rule in this case may be stated to be the legal principle that a statute of limitations barring an action to cancel a will for forgery, runs not from the date of offering the will for probate or the actual date of probate, but runs from the date the forgery was discovered or should have been discovered by the exercise of ordinary care and diligence. See *Hays v. Hall,* 488 S.W.2d 412 (Tex.1972); *Weaver v. Witt,* 561 S.W.2d 792 (Tex.1977); and *Whatley v. National Bank of Commerce,* supra.

■ We have reviewed the authorities and have concluded that the discovery rule should be made applicable to the statute of limitations in forgery cases. We thus hold that the statute of limitations in a civil action based upon forgery does not begin to run until the forgery is discovered, or until the plaintiff acquires such knowledge as would lead to its discovery by the exercise of reasonable diligence. See *Weaver v. Witt,* supra; *Kelley v. Rinkle,* 532 S.W.2d 947, 948 (Tex.1976); *Gaddis v. Smith,* 417 S.W.2d 577, 579–581 (Tex.1967).

■ Since appellants' petition does not affirmatively disclose when the forgery was or should have been discovered, we cannot determine when the statute of limitations

began to run. Summary judgment on the pleadings on the ground that the action is barred by limitations is improper where the petition does not disclose when the cause of action accrued. *Whatley v. National Bank of Commerce,* supra. When the statute of limitations began to run is a fact question to be determined by the trier of fact.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.