

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00275-CV

**KAREN HAISLER,**

**Appellant**

 **v.**

**JUANITA COBURN, NELDA JONES,
CALVIN JONES, AMANDA LAWSON,
BRIAN LAWSON, AND GREG SNIDER,**

**Appellees**

**From the County Court
Freestone County, Texas
Trial Court No. 4972**

## MEMORANDUM OPINION

Karen Haisler appeals from the trial court's order granting two summary judgments in favor of Juanita Coburn, Nelda Jones, Calvin Jones, Amanda Lawson, Brian Lawson, and Greg Snider. Because the trial court did not err in granting the motions for summary judgment, we affirm the trial court's order.

### BACKGROUND

Haisler's father, Powell Coburn, died in 2005. Juanita Coburn, Powell's second wife, proffered a will dated October 10, 2002, for probate. The will left everything to

Juanita. Haisler filed a will contest but later signed a Family Settlement Agreement in which she received some of Powell's property and agreed to dismiss the contest. The will was then admitted to probate. After one of Juanita's daughters died, her widower, Don Thornhill, called Haisler to tell her that another daughter, Nelda Jones, admitted to Thornhill that she forged Powell's will. Thornhill also told Haisler that Nelda's husband, Calvin, and Juanita's granddaughter, Amanda and her husband Brian, also knew Nelda forged the will.

Haisler filed a bill of review to set aside the order admitting the will to probate. She then amended her petition to add a separate cause of action for tortious interference with inheritance rights against Juanita Coburn, Nelda Jones, Calvin Jones, Amanda Lawson, Brian Lawson, and Greg Snider. Snider was a witness to Powell's will. Between all the defendants, two motions for summary judgment were filed. The trial court granted both motions and Haisler appealed.

### SUMMARY JUDGMENT

We review the trial court's granting of a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The movants in a traditional summary judgment motion must show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovants, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661. Once the movants establish their right to a judgment as a matter of law, the burden shifts to

the nonmovants to present evidence raising a genuine issue of material fact, thereby precluding summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When the trial court does not specify the grounds upon which it ruled, the summary judgment may be affirmed if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005).

## BILL OF REVIEW

In her first issue, Haisler contends that the trial court erred in dismissing her bill of review.

A bill of review is an equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment and, at the time the bill of review is filed, there remains no adequate legal remedy available through no fault of the proponent. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979). The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Transworld Financial Services Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987) (*citing Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)).

Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant. *Ross v. Nat'l Ctr. for the Empl. of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). Fraud in relation to attacks on final judgments is either extrinsic or intrinsic. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003). Only extrinsic fraud will support a bill of review. *Id.* (*citing Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989)).

Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *King Ranch*, 118 S.W.3d at 752. Extrinsic fraud is wrongful conduct practiced outside of the adversary trial--such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit--that affects the manner in which the judgment is procured. *Ince v. Ince*, 58 S.W.3d 187, 190 (Tex. App.—Waco 2001, no pet.), *overruled on other grounds by Ramsey v. State*, 249 S.W.3d 568, 577 (Tex. App.—Waco 2008, no pet.). Intrinsic fraud, by contrast, relates to the merits of the issues that were presented and presumably were or should have been settled in the former action. *King Ranch*, 118 S.W.3d at 752. Within intrinsic fraud is included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. *Id.* Such fraud will not support a bill of review, because each party must guard against adverse findings on issues directly presented. *Id.* Issues underlying the judgment attacked by a bill of

review are intrinsic and thus have no probative value on the fraud necessary to a bill of review. *Id*.

Haisler claimed in her bill of review and in her response to Juanita's motion for summary judgment that the will was a forgery and that because Juanita kept the forgery of the will a secret, Karen signed the Family Settlement Agreement and agreed to dismiss her will contest. She attached affidavits and various excerpts of depositions as evidence that Juanita's daughter forged the will and that other family members learned about it later. This is not extrinsic fraud. Haisler was not denied the opportunity to fully litigate her claims against the will. She was not kept from court; no false promises of compromise were alleged to have been made; and she was not denied knowledge of application to probate the will. Haisler's allegations are of intrinsic fraud. She claimed the will was a forgery. And because the will was presented on application to probate, and was then admitted to probate, it is inherent that the trial court was satisfied that the will was the act of the decedent; in essence, not a forgery. *See* TEX. PROB. CODE ANN. §§ 59, 88 (Vernon 2003); *see also Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13 (Tex. App.—Houston [1st Dist.] 1995, no writ). Thus, it was an issue considered by the trial court.

Haisler further attempts to use section 93 of the Texas Probate Code as a way to save her bill of review by arguing that, because section 93 mentions forgery as a means for canceling a will, it necessarily is true that forgery is a form of extrinsic fraud. Section 93 is a limitations provision for a separate cause of action, canceling the will, which provides for a direct attack on a will admitted to probate. *See* TEX. PROB. CODE

ANN. § 93 (Vernon 2003); *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 337 (Tex. 1968). It is not a provision for the type of proceeding pursued by Haisler, an equitable bill of review. Haisler has not cited us to any authority for the proposition that elements of a limitations provision can be used as the means to prove the elements of an equitable bill of review. We have not found any either.

Accordingly, the trial court did not err in granting summary judgment in favor of Juanita Coburn which dismissed Haisler's bill of review. Haisler's first issue is overruled.

## TORTIOUS INTERFERENCE WITH INHERITANCE RIGHTS

In addition to requesting a bill of review, Haisler amended her petition to add a claim of tortious interference with inheritance rights against Juanita Coburn, Nelda Jones, Calvin Jones, Amanda Lawson, Brian Lawson, and Greg Snider (the relatives). Very few courts in Texas have recognized this cause of action. *See Brandes v. Rice Trust*, 966 S.W.2d 144, 146 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *King v. Acker*, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st Dist.] 1987, no writ). According to these courts, the cause of action arises when one who by fraud, duress, or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift. *Id*. (citing RESTATEMENT (SECOND) OF TORTS 774B (1977)). Regardless of whether this is a proper cause of action, the relatives argued in their motions for summary judgment that the statute of limitations for this cause of action had run.

In her second issue, Haisler contends that the trial court erred in granting summary judgment on the relatives' limitations defenses as to this cause of action. First, Haisler suggests that the discovery rule of Texas Probate Code Section 93 permits her to file her suit within two years of when she discovered the forgery. But section 93's discovery rule does not apply in this case because, with regard to the tortious interference claim, Haisler did not seek to cancel the will. Instead, Haisler only requested a "judgment against Juanita Coburn, Nelda Jones, Calvin Jones, Amanda Lawson, Brian Lawson, and Greg Snider, jointly and severally, for her actual damages, her attorneys' fees, exemplary damages, her costs of court, and such other damages and further relief to which she may show herself entitled." Section 93 specifically provides that a suit to "cancel a will for forgery or other fraud" may be brought "within two years after the discovery of such forgery or fraud…." TEX. PROB. CODE ANN. § 93 (Vernon 2003). The tortious interference claim was not a suit to cancel the will; it was a suit for damages. Accordingly, the discovery rule limitations period provided for in section 93 does not apply to Haisler's tortious interference claim, and the trial court did not err in granting summary judgment on that limitations defense.

Second, Haisler contends that she filed suit within the applicable statute of limitations period of section 16.003 of the Civil Practice and Remedies Code because the discovery rule applies to this section as well. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon Supp. 2009). Haisler did not present to the trial court and does not present to us, any authority for the courts to apply the discovery rule in this instance. The sole case relied upon by Haisler, *Aston v. Lyons*, was a determination that the

discovery rule applies to section 93 of the Texas Probate Code in a suit to set aside or cancel the will. *Aston v. Lyons*, 577 S.W.2d 516 (Tex. App.—Texarkana 1979, no writ). It did not apply the discovery rule to section 16.003 of the Texas Civil Practice and Remedies Code in a suit for tortious interference with inheritance rights. Further, Texas courts have refused to apply the discovery rule to claims arising out of probate proceedings in most instances even in the face of an allegation of fraud. *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997); *see also Frost Nat'l Bank v. Fernandez*, 2010 Tex. LEXIS 321 (Tex. 2010). Haisler did not present any argument to this Court or the trial court that the discovery rule should, in this instance, be applied. Accordingly, the trial court did not err in granting summary judgment on this limitations defense.

Third, Haisler asserts that the relatives are estopped from asserting the statute of limitations as a defense because the relatives fraudulently concealed their wrongful conduct. In support of this proposition, Haisler cites to *Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983). However, fraudulent concealment is another version of the discovery rule which is applied because of a special relationship between a plaintiff and a defendant. *See S.V. v. R.V.*, 933 S.W.2d 1, 6 (Tex. 1996). In *Borderlon*, the special relationship was between a doctor and a patient. Haisler has not presented anything to show there was a special relationship between her and the relatives. Further, as stated earlier, Texas courts do not apply the discovery rule in probate cases in most instances even in the face of allegations of fraud. *Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997); *see also Frost Nat'l Bank v. Fernandez*, 2010 Tex. LEXIS 321 (Tex. 2010). Again, Haisler did not present

any argument to this Court or the trial court that the discovery rule should, in this instance, be applied.

Therefore, the trial court did not err in granting the relatives' motions for summary judgment based on the statute of limitations defense if that was the basis of the trial court's judgment. Because the trial court did not specify the grounds upon which it ruled, we need not review the remaining grounds stated in the relatives' motions for summary judgment. *See W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). Haisler's second issue is overruled.

## CONCLUSION

Having overruled each of Haisler's issues on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed July 28, 2010
[CV06]