IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00275-CV

 

Karen Haisler,

                                                                                    Appellant

 v.

 

Juanita Coburn, Nelda Jones, 

Calvin Jones, Amanda Lawson, 

Brian Lawson, and Greg Snider,

                                                                                    Appellees

 

 



From the County Court

Freestone County, Texas

Trial Court No. 4972

 



MEMORANDUM  Opinion










 

            Karen Haisler appeals from the trial
court’s order granting two summary judgments in favor of Juanita Coburn, Nelda
Jones, Calvin Jones, Amanda Lawson, Brian Lawson, and Greg Snider.  Because the
trial court did not err in granting the motions for summary judgment, we affirm
the trial court’s order.

Background

            Haisler’s father, Powell Coburn, died
in 2005.  Juanita Coburn, Powell’s second wife, proffered a will dated October 10, 2002, for probate.  The will left everything to Juanita.  Haisler filed a will
contest but later signed a Family Settlement Agreement in which she received
some of Powell’s property and agreed to dismiss the contest.  The will was then
admitted to probate.  After one of Juanita’s daughters died, her widower, Don
Thornhill, called Haisler to tell her that another daughter, Nelda Jones,
admitted to Thornhill that she forged Powell’s will.  Thornhill also told
Haisler that Nelda’s husband, Calvin, and Juanita’s granddaughter, Amanda and
her husband Brian, also knew Nelda forged the will.

            Haisler filed a bill of review to set
aside the order admitting the will to probate.  She then amended her petition
to add a separate cause of action for tortious interference with inheritance
rights against Juanita Coburn, Nelda Jones, Calvin Jones, Amanda Lawson, Brian
Lawson, and Greg Snider.  Snider was a witness to Powell’s will.  Between all
the defendants, two motions for summary judgment were filed.  The trial court
granted both motions and Haisler appealed.

Summary Judgment

            We review the trial court's granting
of a motion for summary judgment de novo. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  The movants in a traditional
summary judgment motion must show that there is no genuine issue of material
fact and that they are entitled to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovants, and we indulge every reasonable inference and resolve any doubts in
the nonmovant's favor.  Valence Operating Co., 164 S.W.3d at 661.  Once the
movants establish their right to a judgment as a matter of law, the burden
shifts to the nonmovants to present evidence raising a genuine issue of
material fact, thereby precluding summary judgment.  See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).  Evidence is conclusive only if reasonable people could not differ in their
conclusions.  City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  When the trial court does not specify the grounds upon which it ruled, the
summary judgment may be affirmed if any of the grounds stated in the motion is
meritorious.  W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

Bill of Review

            In her first issue, Haisler contends
that the trial court erred in dismissing her bill of review.  

            A bill of review is an equitable
action brought by a party to a previous suit seeking to set aside a judgment
which is no longer appealable or subject to a motion for new trial.  See
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  A bill of
review is proper where a party has exercised due diligence to prosecute all
adequate legal remedies against a former judgment and, at the time the bill of
review is filed, there remains no adequate legal remedy available through no
fault of the proponent. Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979).  The grounds upon which a bill of review can be obtained are narrow because the
procedure conflicts with the fundamental policy that judgments must become
final at some point.  Transworld Financial Services Corp. v. Briscoe,
722 S.W.2d 407, 407 (Tex. 1987) (citing Alexander v. Hagedorn,
226 S.W.2d 996, 998 (Tex. 1950)). 

            Traditionally, a bill of review
requires proof of three elements: (1) a meritorious defense, (2) that was not
asserted due to fraud, accident, or wrongful act of an opponent or official
mistake, (3) unmixed with any fault or negligence by the movant.  Ross v.
Nat'l Ctr. for the Empl. of the Disabled, 197 S.W.3d 795, 797 (Tex. 2006).  Fraud in relation to attacks on final judgments is either extrinsic or
intrinsic.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 752 (Tex. 2003).  Only extrinsic fraud will support a bill of review.  Id. (citing
Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989)).  

            Extrinsic fraud is fraud that denied a
party the opportunity to fully litigate at trial all the rights or defenses
that could have been asserted.  King Ranch, 118 S.W.3d at 752. 
Extrinsic fraud is wrongful conduct practiced outside of the adversary
trial--such as keeping a party away from court, making false promises of
compromise, denying a party knowledge of the suit--that affects the manner in
which the judgment is procured.  Ince v. Ince, 58 S.W.3d 187, 190 (Tex. App.—Waco 2001, no pet.), overruled on other grounds by Ramsey v. State, 249
S.W.3d 568, 577 (Tex. App.—Waco 2008, no pet.).  Intrinsic fraud, by contrast,
relates to the merits of the issues that were presented and presumably were or
should have been settled in the former action.  King Ranch, 118 S.W.3d
at 752.  Within intrinsic fraud is included such matters as fraudulent
instruments, perjured testimony, or any matter which was actually presented to
and considered by the trial court in rendering the judgment assailed.  Id.  Such fraud will not support a bill of review, because each party must guard
against adverse findings on issues directly presented.  Id.  Issues
underlying the judgment attacked by a bill of review are intrinsic and thus
have no probative value on the fraud necessary to a bill of review.  Id.

            Haisler claimed in her bill of review
and in her response to Juanita’s motion for summary judgment that the will was
a forgery and that because Juanita kept the forgery of the will a secret, Karen
signed the Family Settlement Agreement and agreed to dismiss her will contest. 
She attached affidavits and various excerpts of depositions as evidence that
Juanita’s daughter forged the will and that other family members learned about
it later.  This is not extrinsic fraud.  Haisler was not denied the opportunity
to fully litigate her claims against the will.  She was not kept from court; no
false promises of compromise were alleged to have been made; and she was not
denied knowledge of application to probate the will.  Haisler’s allegations are
of intrinsic fraud.  She claimed the will was a forgery.  And because the will
was presented on application to probate, and was then admitted to probate, it
is inherent that the trial court was satisfied that the will was the act of the
decedent; in essence, not a forgery.  See Tex. Prob. Code Ann. §§ 59, 88 (Vernon 2003); see also
Thompson v. Deloitte & Touche, L.L.P., 902 S.W.2d 13 (Tex.
App.—Houston [1st Dist.] 1995, no writ).  Thus, it was an issue considered by
the trial court.  

            Haisler further attempts to use
section 93 of the Texas Probate Code as a way to save her bill of review by
arguing that, because section 93 mentions forgery as a means for canceling a
will, it necessarily is true that forgery is a form of extrinsic fraud. 
Section 93 is a limitations provision for a separate cause of action, canceling
the will, which provides for a direct attack on a will admitted to probate.  See
Tex. Prob. Code Ann. § 93 (Vernon
2003); Ladehoff v. Ladehoff, 436 S.W.2d 334, 337 (Tex. 1968).  It is not
a provision for the type of proceeding pursued by Haisler, an equitable bill of
review.  Haisler has not cited us to any authority for the proposition that
elements of a limitations provision can be used as the means to prove the
elements of an equitable bill of review.  We have not found any either.

            Accordingly, the trial court did not
err in granting summary judgment in favor of Juanita Coburn which dismissed
Haisler’s bill of review.  Haisler’s first issue is overruled.

Tortious Interference
with Inheritance Rights

            In addition to requesting a bill of
review, Haisler amended her petition to add a claim of tortious interference
with inheritance rights against Juanita Coburn, Nelda Jones, Calvin Jones,
Amanda Lawson, Brian Lawson, and Greg Snider (the relatives).  Very few courts
in Texas have recognized this cause of action.  See Brandes v. Rice
Trust, 966 S.W.2d 144, 146 (Tex. App.—Houston [14th Dist.] 1998, pet.
denied); King v. Acker, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st
Dist.] 1987, no writ).  According to these courts, the cause of action arises
when one who by fraud, duress, or other tortious means intentionally prevents
another from receiving from a third person an inheritance or gift that he would
otherwise have received is subject to liability to the other for loss of the
inheritance or gift. Id. (citing Restatement
(Second) of Torts 774B (1977)).  Regardless of whether this is a proper
cause of action, the relatives argued in their motions for summary judgment
that the statute of limitations for this cause of action had run.

            In her second issue, Haisler contends
that the trial court erred in granting summary judgment on the relatives’
limitations defenses as to this cause of action.  First, Haisler suggests that
the discovery rule of Texas Probate Code Section 93 permits her to file her
suit within two years of when she discovered the forgery.  But section 93’s
discovery rule does not apply in this case because, with regard to the tortious
interference claim, Haisler did not seek to cancel the will.  Instead, Haisler
only requested a “judgment against Juanita Coburn, Nelda Jones, Calvin Jones,
Amanda Lawson, Brian Lawson, and Greg Snider, jointly and severally, for her
actual damages, her attorneys’ fees, exemplary damages, her costs of court, and
such other damages and further relief to which she may show herself entitled.” 
Section 93 specifically provides that a suit to “cancel a will for forgery or
other fraud” may be brought “within two years after the discovery of such
forgery or fraud….”  Tex. Prob. Code Ann.
§ 93 (Vernon 2003).   The tortious interference claim was not a suit to cancel
the will; it was a suit for damages.  Accordingly, the discovery rule
limitations period provided for in section 93 does not apply to Haisler’s
tortious interference claim, and the trial court did not err in granting
summary judgment on that limitations defense.  

            Second, Haisler contends that she
filed suit within the applicable statute of limitations period of section
16.003 of the Civil Practice and Remedies Code because the discovery rule
applies to this section as well.  See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2009).  Haisler
did not present to the trial court and does not present to us, any authority
for the courts to apply the discovery rule in this instance.  The sole case
relied upon by Haisler, Aston v. Lyons, was a determination that the
discovery rule applies to section 93 of the Texas Probate Code in a suit to set
aside or cancel the will.  Aston v. Lyons, 577 S.W.2d 516 (Tex. App.—Texarkana 1979, no writ).  It did not apply the discovery rule to section 16.003
of the Texas Civil Practice and Remedies Code in a suit for tortious
interference with inheritance rights. Further, Texas courts have refused to
apply the discovery rule to claims arising out of probate proceedings in most
instances even in the face of an allegation of fraud.  Little v. Smith,
943 S.W.2d 414, 420 (Tex. 1997); see also Frost Nat'l Bank v.
Fernandez, 2010 Tex. LEXIS 321 (Tex. 2010).  Haisler did not present any
argument to this Court or the trial court that the discovery rule should, in
this instance, be applied.  Accordingly, the trial court did not err in
granting summary judgment on this limitations defense.

            Third, Haisler asserts that the
relatives are estopped from asserting the statute of limitations as a defense
because the relatives fraudulently concealed their wrongful conduct.  In
support of this proposition, Haisler cites to Borderlon v. Peck, 661
S.W.2d 907 (Tex. 1983).  However, fraudulent concealment is another version of
the discovery rule which is applied because of a special relationship between a
plaintiff and a defendant.  See S.V. v. R.V., 933 S.W.2d 1, 6 (Tex. 1996).  In Borderlon, the special relationship was between a doctor and a
patient.  Haisler has not presented anything to show there was a special
relationship between her and the relatives.  Further, as stated earlier, Texas courts do not apply the discovery rule in probate cases in most instances even in the
face of allegations of fraud.  Little v. Smith, 943 S.W.2d 414, 420 (Tex. 1997); see also Frost Nat'l Bank v. Fernandez, 2010 Tex. LEXIS 321 (Tex. 2010).  Again, Haisler did not present any argument to this Court or the trial court that
the discovery rule should, in this instance, be applied.

            Therefore, the trial court did not err
in granting the relatives’ motions for summary judgment based on the statute of
limitations defense if that was the basis of the trial court’s judgment.  Because
the trial court did not specify the grounds upon which it ruled, we need not
review the remaining grounds stated in the relatives’ motions for summary
judgment.  See W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  Haisler’s second issue is overruled.  

Conclusion

            Having overruled each of Haisler’s
issues on appeal, we affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed July 28, 2010

[CV06]