Tom H. MOONEY, Independent Executor of the Estate of Henry English et al., Petitioners,

v.

Dulan HARLIN, Respondent.

No. B–9833.

Supreme Court of Texas.

Sept. 16, 1981.

Rehearing Denied Nov. 4, 1981.

Matthews & Thorp, Logan Ford, Dallas, for petitioners.

J. Harvey Lewis, Dallas, for respondent.

DENTON, Justice.

This is a suit by Dulan Harlin against the independent executor of the estate of Henry English for damages based upon fraud. The trial court rendered summary judgment for the executor. The court of civil appeals reversed the judgment of the trial court and remanded the cause for trial. 604 S.W.2d 199. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

For thirty-two years prior to 1971, Dulan Harlin was companion, confidant, and lover to Henry English. In return for care, companionship, and services, Harlin alleges English promised he had made her the beneficiary of a codicil to his will. This bequest was allegedly for $500,000.00 worth of jewelry and deeds found in a locked strongbox.

In 1971, Harlin claims to have made a "profession of religion." She told English that she could no longer continue their relationship. English replied that he understood and respected her beliefs, but that he needed her continued friendship and companionship even without the sexual relationship. Harlin agreed to this and their relationship continued until one month before English's death.

On March 27, 1974, English executed a will containing a clause revoking all prior wills. There is no bequest to Dulan Harlin in this will. English died on March 29, 1974. A contest to the will was filed by relatives of the testator, and a temporary administrator was appointed on April 22, 1974. On January 28, 1975, the contest was settled by agreement and the will dated March 27, 1974, was admitted to probate. On the same day, Tom H. Mooney was granted letters testamentary and qualified as independent executor by taking the oath required by law.

October 31, 1978, over four years after the will had been admitted to probate, Harlin filed this lawsuit for damages based upon fraud and breach of contract. By amendment, she abandoned her claim for breach of contract and proceeded solely on the grounds of fraud. Mooney, the defendant, moved for summary judgment alleging Harlin's cause of action was barred by the two year statute of limitations. The trial court granted summary judgment that Harlin take nothing against the estate. The court of civil appeals reversed the judgment of the trial court and remanded. The court held the defense of limitations was not established by the summary judgment proof. We disagree.

Statutes of limitation compel a party to assert his claim within a reasonable time and punish him for failing to do so. They prevent loss or destruction of evidence because of passage of unreasonable lengths of time. Thus, the statutes provide stability and security to personal affairs and protect property rights.

A cause of action for fraudulent misrepresentation is subject to the two year statute of limitations. Tex.Rev.Civ.Stat. Ann. art. 5526 (Vernon Supp. 1980–1981); *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438,

440 (1940); *Ryan v. Collins,* 496 S.W.2d 205, 210 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). As a general rule, the limitation period begins to run when a cause of action accrues. *Atkins v. Crosland,* 417 S.W.2d 150, 152 (Tex.1967). In the case of actionable fraud, however, limitation begins to run when the fraud is discovered or from the time the fraud might have been discovered through reasonable diligence. *E.g., Gaddis v. Smith,* 417 S.W.2d 577, 579 (Tex.1967); *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962); *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 321 (1941). A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records. When evidence of fraud may be disclosed by examination of public records this court has held limitations will begin to run from the time the fraud could have been discovered by the exercise of ordinary diligence. *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319, 321 (1941).

 Constructive notice in law creates an irrebuttable presumption of actual notice. *See Hexter v. Pratt,* 10 S.W.2d 692, 693 (Tex.Comm'n App.1928, judgmt adopted); *University State Bank v. Gifford-Hill Concrete Corp.,* 431 S.W.2d 561, 570 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n. r. e.). Probate proceedings are actions *in rem* and bind all persons unless set aside in the manner provided by law. *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 336–37 (Tex.1968); *see* Tex.Prob.Code Ann. § 93 (Vernon 1980). Persons interested in an estate admitted to probate are charged with notice of the contents of the probate records. *Salas v. Mundy,* 59 Tex.Civ.App. 407, 125 S.W. 633, 636 (Amarillo 1910, writ ref'd). Examination of the probate records in this case would have disclosed that the will of Henry English made no bequest to Dulan Harlin. Thus, the statute of limitations began to run when the will was admitted to probate. Harlin did not file this lawsuit until four years and seven months after Henry English's will was admitted to probate. We hold, as a matter of law, that Harlin's lawsuit for damages based upon fraud is barred by the two year statute of limitations.

Mooney raises other points of error relating to breach of contract. Since Harlin abandoned her contract claims and proceeded with her claim for fraud only, these points are not properly before the court. Accordingly, they are overruled.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.