Reversed and Remanded and Majority and Concurring Opinions filed January
16, 2003









 

Reversed and Remanded and Majority and Concurring
Opinions filed January 16, 2003.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-01201-CV

____________

 

JAMES WOJCIK, JANETTE MEDLIN, DIANE
WOJCIK, AND

VERONICA WHITE, Appellants

 

V.

 

SOPHIE WESOLICK, INDEPENDENT
ADMINISTRATRIX

OF THE ESTATE OF ADAM
WOJCIK, DECEASED, Appellee

 



 

On Appeal from the County Court at Law

Walker County, Texas

Trial Court Cause No. 6325

 



 

C O N C U R R I N G   O
P I N I O N

I concur with the majority=s conclusion that devisees of a will
need not be served with notice when a will contest is initiated, but for a
reason not mentioned in that opinion. 
Moreover, I respectfully disagree with Chief Justice Brister=s concurring opinion as to the
availability of virtual representation in this context.








A.  Constructive Notice

In sustaining appellants= second issue, the majority  holds that, based on the silence of Probate
Code sections 33(a) and 93 as to the need for service of citation in a will
contest,  the Code does not require the
joining of all devisees within two years after a will has been admitted to
probate.  It is abundantly clear why
those provisions of the Code are silent on what would otherwise be a due
process issue of notice.  The devisees
under a will are “interested persons” as such term is defined in section 3 of
the Probate Code.  Probate Code section
3(r) defines “interested persons” to include heirs, devisees, spouses or any
others having a property right in, or claim against, the estate being
administered.  Tex. Prob. Code Ann. ' 3(r) (Vernon Supp. 2003).  Section 3(i) provides that the term “devisee”
includes legatee, and section 3(s) defines “legatee” as including any person
entitled to a legacy under a will.  Id.  That devisees are interested persons within
the context of the Probate Code is a critical factor in my conclusion that will
contestants need not serve devisees with notice of the will contest.

Persons interested in an estate admitted to probate are charged
with notice of the contents of the probate records.  Mooney v. Harlin, 622 S.W.2d 83, 85
(Tex. 1981).  This doctrine of
constructive notice creates an irrebuttable presumption of actual notice.  Id. 
Consequently, the devisees, as interested persons under the Wojcik will,
are charged with constructive notice of the filing of the contest to the
validity of that will, inasmuch as they are charged with constructive notice of
the actual knowledge one could gain by an examination of public records.  Id. 
 A fortiori, the will
contestants had no need to serve notice of the will contest on the Wojcik will
devisees, as they were on constructive notice of the filing of same.  In my view, the longstanding application of
the doctrine of constructive notice to those persons interested in an estate
explains the silence in sections 33 and 93 regarding service of citation on the
devisees by those initiating a will contest. 
Accordingly, I agree with the majority=s conclusion that will contestants
need not serve other interested persons, but reach that result on a basis not
addressed in the majority opinion.








B.  Virtual Representation

Chief Justice Brister=s concurring opinion in this trilogy
asserts that personal service in the will contest was unnecessary because of
the joinder of Wesolick, the devisees= virtual representative.  I reject the notion that the doctrine of
virtual representation supports the absence of a statutory duty on the will
contestants to serve the will devisees. 
It is undisputed that constructive notice is applicable to persons
interested in an estate.  Mooney,
622 S.W.2d at 85.  However, the law of
constructive notice prevents any devisee from relying upon an executor or
administrator to defend that person=s interests.  Little v. Smith, 943 S.W.2d 414, 525
(Tex. 1997) (Enoch, J., concurring) (citing Jennings v. Srp, 521 S.W.2d
326, 330 (Tex. Civ. App.CCorpus Christi 1975, no writ)).  This removal of reliance by devisees on the
executor of an estate continues to be recognized and applied.  In re Estate of McGarr, 10 S.W.3d 373,
377 (Tex. App.CCorpus Christi 1999, pet.
denied).  

Virtual representation has not been applied in a probate
context other than in Mason  v.
Mason, 366 S.W.2d 552, 553 (Tex. 1963). 
Today, it appears the doctrine is relegated to the status of an
exception to the general rule for appellate standing that only parties
of record may exercise the right of appeal. 
Gunn v. Cavanaugh, 391 S.W.2d 723, 725 (Tex. 1965).  Such exception exists when the appellant is
deemed to be a party of record under the doctrine of virtual
representation.  Motor Vehicle Bd. of
Tex. Dept. of  Transp. v. El Paso Indep.
Auto Dealer’s Ass’n, Inc., 1 S.W.3d 108, 110
(Tex. 1999).  To claim virtual
representation, an appellant must show that (1) it is bound by the
judgment, (2) its privity of estate, title, or interest appears from the
record, and (3) there is an identity of interest between the appellant and a
party to the judgment.  Id.  The supreme court=s decisions in Little and El
Paso Independent Auto Dealer’s Ass’n suggest that
virtual representation is no longer useful for purposes of resolving issues not
related to appellate standing.  In light
of the application of constructive notice to persons interested in an estate,
the doctrine of virtual representation 








is needlessly repetitive and superfluous. 
Accordingly, I disagree with Chief Justice Brister=s reliance on the doctrine of virtual
representation to support the majority=s result.   

 

/s/        John S.
Anderson

Justice

 

 

Judgment rendered and Majority and Concurring Opinions filed January 16,
2003.

Panel consists of Chief Justice Brister and Justices Anderson and Frost.