**Opinion filed September 20, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00253-CV

_____

## ANN MARIE GILMORE, MICHAEL PAUL ROTAN, AND HARRY DON ROTAN, Appellants

## V.

## ARVEL DEAN ROTAN AND GARY WAYNE ROTAN, Appellees

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 19,585**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a summary judgment. Appellees, Arvel Dean Rotan and Gary Wayne Rotan, sought summary judgment on both traditional and no-evidence grounds. After conducting a hearing on the motion, the trial court entered an "Order Granting Defendants' Motion for Traditional and No Evidence Summary Judgment." This order did not specify the grounds upon which the motion for

summary judgment was granted.  Appellants, Ann Marie Gilmore, Michael Paul Rotan, and Harry Don Rotan, challenge the summary judgment in a single issue.  In their sole issue, Appellants only challenge one of the grounds upon which Appellees sought summary judgment.  We affirm the judgment of the trial court.

*Background Facts*

Appellants filed the underlying action on April 2, 2015.  They asserted a cause of action for breach of fiduciary duty against Appellees.  Appellants asserted that they were residual, contingent beneficiaries of testamentary trusts created by the will of Harry Dean Rotan that he executed in 1990.  The primary beneficiary of the trusts was Mildred Marie Rotan, Harry Dean Rotan's surviving wife.  Appellants asserted that Appellees were trustees of the testamentary trusts that came into existence when Harry Dean Rotan died in 2002 and that Appellees allegedly engaged in self-dealing when they transferred real property belonging to the trusts.

Mildred Marie Rotan died in 2014.  Appellants alleged in their petition that, following her death, they learned of the conveyance of the real property that is the subject of the underlying suit.  The deed of conveyance was filed in the public deed records on March 22, 2010.  The deed reflects that the conveyance occurred in 2003. Appellants acknowledged that they each received $76,693.55 from the Estate of Mildred Marie Rotan after her death.  However, they asserted that the conveyance of real property depleted the assets of the testamentary trusts.

*Analysis*

In a single issue on appeal, Appellants assert that the trial court erred in granting Appellees' motion for summary judgment on the basis of limitations. Appellees filed a motion for summary judgment on both traditional and no-evidence grounds.  Appellees sought a traditional summary judgment on the basis that Appellants' claim was barred by limitations.  Appellees sought a no-evidence

2

summary judgment based on the contention that Appellants had no evidence of damages. Appellants contend that they are permitted to challenge only one of the summary judgment grounds asserted by Appellees because the trial court only granted summary judgment on the basis of limitations. Appellants base this assertion on a statement made by the trial court at the hearing on the motion for summary judgment. We disagree with Appellants' analysis.

As noted previously, the trial court's written order granting summary judgment did not specify the grounds upon which it was granted. Thus, the oral statements made by the trial court at the hearing on the motion for summary judgment do not control.[1] In the civil context, a written order controls over a trial court's oral pronouncement. *See Rapaglia v. Lugo*, 372 S.W.3d 286, 290 n.3 (Tex. App.—Dallas 2012, no pet.); *In re JDN Real Estate–McKinney L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006, orig. proceeding [mand. denied]) ("Any time there is a conflict between oral pronouncements made by a trial judge and his written order, the matters set forth in the written order control."). Accordingly, the trial court's basis for granting Appellees' motion for summary judgment is not restricted to only limitations because the written order did not specify the grounds upon which the summary judgment was based.

"When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, the appealing party must negate all grounds on appeal." *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). "If summary judgment may have been rendered, properly or improperly, on a ground not

---

[1]As noted by the Texas Supreme Court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex. 1979), the practice of requesting a court reporter to record a summary judgment hearing is "a practice neither necessary nor appropriate to the purposes of such a hearing."

challenged, the judgment must be affirmed." *Id.* (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)). Appellants do not challenge the no-evidence ground for summary judgment. Because summary judgment may have been rendered on a ground not challenged on appeal, we uphold the summary judgment, whether it may have been rendered properly or improperly. *See Ellis*, 68 S.W.3d at 898.

Moreover, we conclude that the summary judgment evidence establishes as a matter of law that Appellants did not comply with the applicable statute of limitations. A claim for breach of fiduciary duty is subject to a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(5) (West 2002). "A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). Accordingly, Appellees were entitled to summary judgment on limitations if they (1) conclusively established that the cause of action accrued before the commencement of the statute of limitations period and (2) negate the discovery rule, if it applies, by proving as a matter of law that there is no genuine issue of material fact about when Appellees discovered, or in the exercise of reasonable diligence should have discovered, the nature of their injury. *Id.* If the movant establishes that the statute of limitations bars the action, the respondent must then adduce summary judgment evidence raising a fact issue in avoidance of the statute of limitations. *Id.*

Generally, when a cause of action accrues is a question of law. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 221 (Tex. 2003). "[A] cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Id.* "In most cases, a cause of action accrues when a wrongful act causes a legal injury, regardless of when

4

the plaintiff learns of that injury or if all resulting damages have yet to occur." *Id.* "[T]he commencement of the limitations period may be determined as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998).

The discovery rule is an exception that may defer accrual of a claim. *See Friddle v. Fisher*, 378 S.W.3d 475, 483 (Tex. App.—Texarkana 2012, pet. denied). The discovery rule has been applied in limited categories of cases to defer accrual of a cause of action until the plaintiff knew or, in the exercise of reasonable diligence, should have known of the facts giving rise to a cause of action. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). The discovery rule operates as a "very limited exception" to limitations, deferring accrual in cases in which the plaintiff's injury was "both inherently undiscoverable and objectively verifiable." *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30 (Tex. 2011) (first quoting *Computer Assocs.*, 918 S.W.2d at 455; then quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001)).

The discovery rule has often been applied to a claim for a breach of fiduciary duty.[2] *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998). In explaining why the discovery rule applies to a claim for breach of fiduciary duty, the Texas Supreme Court noted that "a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so." *S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996). Thus, "a person to whom a fiduciary duty is owed is relieved of the responsibility of diligent inquiry into the fiduciary's conduct, so long as that relationship exists." *Id.*; *see also West v. Proctor*, 353 S.W.3d 558,

---

[2]Trustees owe beneficiaries a fiduciary duty. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996). "The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).

566–67 (Tex. App.—Amarillo 2011, pet. denied). However, once "the fact of misconduct becomes apparent it can no longer be ignored, regardless of the nature of the relationship." *S.V.*, 933 S.W.2d at 8. Thus, claims for breach of fiduciary duty generally accrue when the claimant knows or in the exercise of ordinary diligence should know of the wrongful act and resulting injury. *Villarreal v. Wells Fargo Brokerage Servs., LLC*, 315 S.W.3d 109, 119 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see also Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).

Appellees assert that Appellants had both constructive notice and actual notice of the conveyance that is the subject of Appellees' claim when the deed was filed in 2010. Appellees base their assertion of actual notice on an excerpt of the deposition of Appellant Harry Don Rotan that Appellees included as part of their summary judgment evidence. Specifically, he testified that he had checked the land records in 2010, that he knew in 2010 that the challenged deed had been recorded, and that he told the other Appellants about it in 2010. Thus, the summary judgment evidence offered by Appellees shows that Appellants had actual knowledge of the conveyance in 2010.

Appellants attempted to controvert Appellees' summary judgment evidence of actual notice by relying on Appellants' own interrogatory answers as summary judgment evidence. In each of these interrogatory answers, Appellants asserted that they learned of the challenged conveyance after Mildred Marie Rotan's death. However, a party cannot rely on its own answer to an interrogatory as summary judgment evidence. *Yates v. Fisher*, 988 S.W.2d 730, 731 (Tex. 1998) (noting in per curiam opinion that court of appeals erroneously used interrogatory responses in favor of the answering party by relying on them to defeat summary judgment); *see Maxwell v. Willis*, 316 S.W.3d 680, 685–86 (Tex. App.—Eastland 2010, no pet.)

(citing Tex. R. Civ. P. 197.3 for the proposition that interrogatory answers may only be used against the responding party). Additionally, allegations contained in pleadings and motions are not summary judgment evidence. *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016). Accordingly, Appellants did not provide competent summary judgment evidence to raise a fact question showing that they learned of the conveyance after 2010.

Appellants additionally assert that "the deed itself does not demonstrate an inherently discoverable injury." They further contend that "the injury to Appellants was not inherently discoverable merely because the deed was filed on March 22, 2010." However, Appellants base these assertions on their interrogatory answers stating that they did not learn of their alleged injury until after Mildred Marie Rotan's death in 2014. As we have noted, Appellants cannot rely on their own interrogatory answers as summary judgment evidence. Accordingly, Appellants did not raise a genuine issue of fact that they learned of their alleged injury at a later time.

To the extent that Appellants may be asserting that they did not realize in 2010 that the conveyance affected an interest they owned, their beneficial interest arose from the will of Harry Dean Rotan. "Persons interested in an estate admitted to probate are charged with notice of the contents of the probate records." *Mooney v. Harlin*, 622 S.W.2d 83, 85 (Tex. 1981). Thus, Appellants had constructive notice of their beneficial interest in the real property when Harry Dean Rotan's will was admitted to probate.[3] *Id.* Constructive notice creates an irrebuttable presumption of actual notice. *Id.* Accordingly, the summary judgment evidence establishes that Appellants had notice of their alleged injury in 2010. Since the applicable statute of

---

[3]In citing *Mooney*, we are only holding that Appellants' had constructive notice of the contents of Harry Dean Rotan's probate filings. We are not holding that Appellants had constructive notice of the deed by virtue of their status as persons interested in the estate. While Appellees assert that Appellants had constructive notice of the deed, we do not reach that contention because the summary judgment evidence establishes that Appellants had actual notice of the deed at or near the time that it was filed.

limitations is four years for a claim for breach of fiduciary duty, Appellants' suit filed in 2015 was not timely. We overrule Appellants' sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


September 20, 2018

Panel consists of: Bailey, C.J.,
Willson, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.