**Affirmed and Opinion filed January 9, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00282-CV

## WEST TEXAS LTC PARTNERS, INC. D/B/A CEDAR MANOR NURSING & REHAB, Appellant

## V.

## SHEILA COLLIER, INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF BRUCE H. MELTON, DECEASED, Appellee

### On Appeal from the 119th District Court
### Runnels County, Texas
### Trial Court Cause No. 15,722

## OPINION

Appellant West Texas LTC Partners, Inc., d/b/a Cedar Manor Nursing Home and Rehab (Cedar Manor) filed suit against Sheila Collier as Independent Administratix with Will Annexed of the Estate of Bruce C. Melton (the Estate) seeking to recover amounts it alleged were owed for nursing home care Melton received prior to his death. The trial court signed a take-nothing judgment in favor of the Estate following a bench trial. Finding no error, we affirm.

BACKGROUND

Cedar Manor is a nursing home located in Tom Green County. Melton resided at Cedar Manor for several months in 2013. Cedar Manor alleged that Melton owed $6,844 for the costs incurred during his stay. Following a stay in a hospital, Melton moved to a nursing home located in Ballinger, in Runnels County.

The Ballinger nursing home contacted Sheila Collier, the owner and manager of Covenant Outreach, LLC, with concerns regarding Melton's ability to handle his own affairs. Melton was eventually declared incapacitated and Covenant was appointed as his guardian. On September 12, 2014, Covenant sent a letter to Cedar Manor notifying it of the guardianship proceedings. Covenant's letter also notified Cedar Manor that, pursuant to section 1153.003 of the Estates Code, Cedar Manor had 120 days from the receipt of the letter to file a verified claim "against this guardianship estate in this case," or risk the claim being "barred by law." The letter further advised that Covenant could not "pay any such indebtedness until the proper authenticated claim has been filed with the Clerk of the Court, approved by [Covenant,] and then approved by the Court." It is undisputed that Cedar Manor received the letter on September 15, 2014. It is also undisputed that Cedar Manor did not file an authenticated claim in the guardianship proceeding.

Cedar Manor instead filed suit against the guardianship in Tom Green County. Cedar Manor sought to recover the $6,844 it alleged was unpaid from Melton's stay at Cedar Manor. Covenant filed an answer and also sought a transfer of venue to Runnels County, the county where Melton resided and where the guardianship was pending. The Tom Green County court transferred the case to Runnels County. The case was still pending when Melton died. The Runnels County court dismissed Cedar Manor's lawsuit without resolving Cedar Manor's

2

claim.

Covenant started probate proceedings in Runnels County. Shortly thereafter Collier was appointed the independent administratrix with will annexed of Melton's estate, and Melton's estate was admitted to probate. Cedar Manor submitted an authenticated claim for the $6,844 it alleged was owed for Melton's stay at Cedar Manor. Collier objected to Cedar Manor's claim. Among other objections, Collier asserted the "affirmative defense that [Cedar Manor] failed to file its claim in the time necessary in the guardianship proceeding, therefore the claim is barred."

Faced with Collier's objection to its claim, Cedar Manor filed suit against the Estate in the probate proceeding asserting claims for suit on a sworn account and breach of contract. The Estate filed an answer asserting the affirmative defense of limitations based on Cedar Manor's failure to file a claim in the guardianship proceeding. The probate court transferred the contested matter to district court.

The case was set for a bench trial. Prior to trial, the parties filed a Joint Stipulation in which they stipulated, in pertinent part, to the following facts: (1) Melton resided at Cedar Manor from April 15, 2013, to July 31, 2013; (2) Melton's account with Cedar Manor remains unpaid; (3) Covenant was appointed and qualified as Melton's guardian; (4) Covenant sent a letter to Cedar Manor on September 12, 2014, advising Cedar Manor to file a claim in the guardianship; (5) Cedar Manor received the letter three days later; and (6) Cedar Manor did not file a claim in the guardianship. At the beginning of the bench trial, the parties acknowledged that, apart from the principal amount of the debt due, and the amount of claimed attorney's fees, they had stipulated to all material facts in the case. In addition, the trial court and the parties agreed that liability turned on the

3

"legal issue" of the Estate's limitations affirmative defense. The parties then presented limited testimony concerning the amount of the debt and attorney's fees, after which the parties rested. At the close of the evidence, the trial court took the matter under advisement. A few days later, the trial court signed a take-nothing judgment in favor of the Estate.

Cedar Manor requested findings of fact and conclusions of law, which the trial court eventually signed. Among other findings, the trial court found that Covenant "sent a notice to [Cedar Manor] to file a claim for amounts due for services provided to Mr. Melton" and the "notice was received September 15, 2014." The trial court also found that Cedar Manor "did not file a claim for services rendered." Finally, the trial court found that Cedar Manor's "$6,844.00 claim was for nursing home services provided to Mr. Melton from April 15, 2013 to July 30, 2013," and "that amount remains unpaid." The trial court then denied Cedar Manor's requested relief based on the following conclusions of law:

1. A Guardian may notify creditors of a Ward that the Creditor must file a claim within 120 days from receipt of the letter, or the claim is barred. Estates Code § [1153.004].

2. A claim against a ward in guardianship must be presented to the Guardian. Estates Code § 1157.001 and 1157.002.

3. A judgment may not be rendered in favor of a claimant on a claim for money that has not been legally presented to the guardian of the estate of the ward. Estates Code § 1157.064.

4. Because [Cedar Manor] did not present a claim to Guardian within 120 days after September 15, 2014, the claim is barred.

5. Because the claim was barred, the claim is not a claim against the Estate of Mr. Melton.

This appeal followed.[1]

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the

In its first two issues on appeal, Cedar Manor challenges the conclusions of law underlying the trial court's take-nothing judgment. Cedar Manor then argues in its third issue that the trial court erred when it denied its request for attorney's fees. We address Cedar Manor's first two issues together, and because of our resolution of those issues, we need not reach Cedar Manor's third issue.

## I. Standard of review

Cedar Manor's first two issues present questions of statutory construction. We construe statutory provisions to ascertain and effectuate legislative intent, and we ascertain that intent by first looking to the plain and common meaning of the statute's words. *Tanglewood Homes Ass'n, Inc. v. Feldman*, 436 S.W.3d 48, 72 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). We must also view a statute's terms in context and give them full effect. *Id.* Also, whenever possible, we are to construe statutes to harmonize them with other relevant laws. *In re M.M.M.*, 428 S.W.3d 389, 395 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Cedar Manor's issues present questions of law, which we review de novo. *See Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 790 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (addressing standard of review for conclusions of law). When performing a de novo review, we exercise our own judgment and redetermine each legal issue. *Id.* To make this determination, we consider whether the conclusions are correct based on the facts from which they are drawn.

---

case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. The parties have not cited, nor has our own research revealed, any conflict between the precedent of the Third Court of Appeals and the precedent of this court on any relevant issue.

5

*Id.*

## II. The trial court did not err when it determined that Cedar Manor's claim against the Estate was barred.

Cedar Manor argues in its first and second issues that the trial court erred when it concluded that Cedar Manor's claim against the Estate was barred because it applied the presentment-of-claims requirements for guardianship proceedings to a probate case. In Cedar Manor's view, the timeliness of its claim against the Estate is governed exclusively by section 355.001 of the Texas Estates Code, which provides that "a claim may be presented to a personal representative of an estate at any time before the estate is closed if suit on the claim has not been barred by the general statutes of limitation." *See* Tex. Estates Code § 355.001. Cedar Manor argues that the guardianship provisions of the Estates Code cited by the trial court in its conclusions of law do not bar its claim because those statutes "are only effective to bar certain claims filed in guardianship proceedings." Cedar Manor supports this argument by pointing out that the legislature divided guardianship and probate estates into two different titles within the Estates Code. Cedar Manor concludes by arguing that its claim was timely filed because it filed its claim against the Estate within four years of the date Melton's residency at Cedar Manor ended, and less than ninety days after Collier rejected it.

The Estate responds that the trial court did not err when it rendered a take-nothing judgment because it was undisputed that (1) Collier sent notice to Cedar Manor pursuant to sections 1153.003 and 1153.004 of the Estates Code that Cedar Manor "must present a claim not later than the 120th day after the date the creditor receives the notice or the claim is barred;" (2) Cedar Manor received the notice; and (3) Cedar Manor did not present a claim. As a result of Cedar Manor's inaction, the Estate argues that the plain language of the statute dictates that Cedar

Manor's claim is barred. *See* Tex. Estates Code § 1153.004. The Estate continues that Cedar Manor should not be allowed to revive a barred claim once Melton died because such a result would lead to chaos in probate proceedings that follow a guardianship. We agree with the Estate.

Because we must construe statutes to harmonize them with other relevant laws whenever possible, we conclude that the separation of the guardianship and probate sections into two different titles of the Estates Code does not dictate we follow Cedar Manor's proffered construction. *In re M.M.M.*, 428 S.W.3d at 395. Additionally, we reject Cedar Manor's proffered construction because it would nullify Estates Code section 1153.004 and render it meaningless and lead to the absurd result of reviving a claim barred while a ward was alive once the ward dies. *See Valdez v. Hollenbeck*, 465 S.W.3d 217, 228 (Tex. 2015) ("Absent an absurd or unreasonable result, we must give effect to the statute's plain language."); *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015) ("As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous."); *S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996) (stating that the purpose of a limitations period is to "establish a point of repose and to terminate stale claims"); *Mooney v. Harlin*, 622 S.W.2d 83, 84 (Tex. 1981) ("Statutes of limitations compel a party to assert his claim within a reasonable time and punish him for failing to do so."); *In re Guardianship of Bayne*, 171 S.W.3d 232, 236 (Tex. App.—Dallas 2005, pet. denied) (addressing interaction between guardianship and probate estates and rejecting contention that immediately upon the death of a ward, the ward's estate would become the deceased's estate thus requiring presentment of all claims to the personal representative of the deceased because doing so would render section 746 of the former Probate Code meaningless).

Finally, Cedar Manor argues that Estates Code section 1153.004 does not apply here because Estates Code section 355.061(a) does not list this section as an exception to Estates Code section 355.001.[2]  We conclude section 355.061(a) does not control the outcome here.  The three exceptions listed, Estates Code sections 355.060, 355.064, and 355.201(b), all address the effect of a failure to take an action only after a probate estate has been commenced.  *See* Tex. Estates Code § 355.060 (barring probate claims not presented within 120 days after creditor receives notice that estate has been submitted to probate); § 355.064 (barring probate claims that are rejected by estate administrator when creditor fails to file suit within 90 days of rejection); § 355.201(b) (barring probate claim by estate administrator if administrator does not file claim with probate court within six months of appointment).  Cedar Manor has not cited any authority stating that section 355.061(a), which limits a personal representative's authority to approve claims once a probate estate is commenced, stands for the proposition that a creditor's claim barred during the pendency of a guardianship estate can spring back to life once the ward dies and a probate estate is established.  *See Shepherd v. Ledford*, 962 S.W.2d 28, 31–34 (Tex. 1998) (addressing impact of statute of limitations found in one statute on a cause of action created by another statute).  Because we conclude that the trial court did not err when it concluded that Cedar Manor's claim was barred, we overrule appellant's first and second issues.

---

[2] Estates Code section 355.061 provides:

(a) A personal representative may not allow a claim for money against a decedent or the decedent's estate if a suit on the claim is barred:

(1) under Section 355.060, 355.064, or 355.201(b); or

(2) by an applicable general statute of limitation.

(b) A claim for money that is allowed by the personal representative shall be disapproved if the court is satisfied that the claim is barred, including because the limitation has run.

Because Cedar Manor's third issue addressing recovery of its attorney's fees was contingent on this court sustaining its first two issues, we need not address it. *See* Tex. R. App. P. 47.1.

### CONCLUSION

Having overruled all of Cedar Manor's issues necessary to resolve this appeal, we affirm the trial court's final judgment.

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Wise, Zimmerer, and Spain.