# NO. 12-22-00256-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC D. BURNS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE* |
| *V.* | *§* | *COUNTY COURT AT LAW NO. 2* |
| *FAIRY JEAN BURNS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eric Dewayne Burns, proceeding pro se, appeals the trial court's order granting summary judgment in favor of Appellee Fairy Jean Burns. Eric raises three issues on appeal. We affirm.

## BACKGROUND

Hershell Dewayne Burns was married to Fairy Jean Burns. In January 2008, Hershell was admitted to hospice care. During his time in hospice care, he was administered, among other things, morphine. On May 22, Hershell executed his last will and testament.[1] The will identifies Fairy as Hershell's wife and Eric as his son. In his will, Hershell states his intention to bequeath the entirety of his estate to Fairy. He further states, "I have already give my son, ERIC DEWAYNE BURNS, a 1985 Chevrolet Corvette for his inheritance from my estate." The will contains the signatures of two witnesses, as well as an executed, self-proving affidavit. Hershell died on July 23.

On August 21, Fairy filed an application to probate Hershell's will and for the issuance of letters testamentary with the County Court of Smith County, Texas. Hershell's will was filed with the trial court that same day. On September 2, the trial court issued the citation by posting.

---

[1] On that same day, Hershell executed a general warranty deed, by which he conveyed the homestead property, which consisted of a 1.785 acre tract, to Fairy. The deed was recorded on May 29, 2008.

1

On September 9, the trial court signed an order admitting the will to probate and authorizing letters testamentary. The order set forth, among other things, that the will was proved and established, that it should be admitted to probate, and that Fairy was appointed to serve as Independent Executrix without bond. That same day, Fairy received letters testamentary to serve as Independent Executrix. On September 24, the Publisher's Affidavit was filed with the trial court.

In her role as executrix, Fairy filed the inventory, appraisement, and list of claims on January 14, 2009. On January 22, the trial court signed the order approving the inventory, appraisement, and list of claims.

On October 18, 2021, Eric, proceeding pro se, filed the instant suit, by which he sought to contest Hershell's will and have it set aside as a forgery because it was executed while Hershell was incapacitated, and subject to Fairy's undue influence. He further asserted that he was entitled to receive but did not receive notice of the probate proceedings due to Fairy's and her attorney's fraudulent acts. He also sought an order that the subject homestead property be sold and that he be awarded two-thirds of the value of the property amounting to $219,000.00. He further sought to recover legal fees of $1,000.00 associated with hiring a typist, as well as $2,500.00 previously paid to an attorney he alleged failed to perform legal services on his behalf other than providing him a copy of Hershell's will. Eric later amended his petition and further sought $500,000.00 in exemplary damages. Fairy filed an answer, in which she made a general denial, asserted the affirmative defense of limitations, and specifically denied that the statute of limitations was tolled.

Subsequently, Eric filed two requests for declaratory judgment that "the 2007 Version of § 128a, f (Tex. Prob. Code) as the law to be applied to the facts of this case[,]" Eric is the "lawful beneficiary to receive the 1985 Corvette" and a showing that Eric "did, in fact, take possession of the Corvette as his portion of Decedent's estate[,]" the limitations period is tolled as a result of the discovery rule or as a result of fraud, Eric lacked constructive notice of the probate proceedings, and "the statutory framework that would prevent [Eric] from ever asserting [a] claim to paternal inheritance [is] unconstitutional."

On February 7, 2022, Fairy filed a motion for summary judgment. In her motion, she argued that the statute of limitations had run for Eric's claims amounting to a will contest or breach of fiduciary duty. She further asserted that she bore no fiduciary duty to Eric, was not

required to notify Eric, who was not a beneficiary under Hershell's will, of the probate proceedings, and neither had engaged in fraudulent concealment nor committed theft. Moreover, she contended that Eric's constitutional rights were not violated, the County Court of Smith County had jurisdiction to probate the will, and Eric has no right to the damages he sought. On February 14, Eric filed a response, in which he first argued that Fairy's failure to answer his discovery constituted discovery abuse. Thereafter, he made objections to Fairy's summary judgment evidence and argued that the will could be interpreted to name him as a beneficiary, who was entitled to notice of the proceedings, which he did not receive; that constructive notice should not apply, and that Fairy's and her attorney's failure to provide him notice amounted to extrinsic fraud, which served to toll the limitations period.

On March 10, the trial court conducted a hearing on the matter. On March 16, the trial court signed an order granting Fairy's motion for summary judgment on the ground that all relief sought by Eric was untimely under the applicable statutes of limitations and ordering that Eric take nothing by his suit. Eric filed a motion for new trial, which was overruled. This appeal followed.

## SUMMARY JUDGMENT

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c);[2] ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548 (Tex. 1985). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is entitled to summary judgment as to that cause of action. *See **Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. ***Id.*** Once the movant establishes a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See **City of Houston v. Clear Creek Basin Auth.***, 589 S.W.2d 671, 678–79 (Tex. 1979). The only question is whether an issue of material fact is presented. *See* TEX. R. CIV. P. 166a(c).

---

[2] The Texas Rules of Civil Procedure apply to probate proceedings only to the extent they do not differ from the procedure established by the Probate Code (now Estates Code). *See **Wojcik v. Wesolick***, 97 S.W.3d 335, 338 (Tex. App.–Houston [14th Dist.] 2003, no pet.). The parties do not argue the existence of any provision of the Estates Code, nor is this Court aware of any such provision, which negates the application of the Texas Code of Civil Procedure to the summary judgment proceedings in the instant case.

When reviewing summary judgments, we perform a de novo review of the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *See **Sudan v. Sudan***, 199 S.W.3d 291, 292 (Tex. 2006); ***KPMG Peat Marwick v. Harrison Cty. Hous. Fin. Corp.***, 988 S.W.2d 746, 748 (Tex. 1999). We are not required to ascertain the credibility of affiants or to determine the weight of evidence in the affidavits, depositions, exhibits, and other summary judgment proof. *See **Gulbenkian v. Penn***, 252 S.W.2d 929, 932 (Tex. 1952); ***Palestine Herald-Press Co. v. Zimmer***, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied).

Further, all theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). If the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, we will affirm it if any of the theories advanced are meritorious. ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993). Thus, when an appellant fails to negate each ground on which the judgment could have been granted, we must affirm. ***Flores v. Hull Assocs. N., LP***, 657 S.W.3d 68, 75 (Tex. App.–El Paso 2022, no pet.).

## LIMITATIONS

In his third issue, Eric argues that he was entitled to statutory notice of the 2008 probate proceedings and that his failure to receive such notice resulted from fraud committed by Fairy and her attorney, which fraud serves to toll the applicable limitations period.[3]

The primary purpose of statutes of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. ***LaGloria Oil and Gas Co. v. Carboline Co.***, 84 S.W.3d 228, 234 (Tex. App.–Tyler 2001, pet. denied). It is in society's best

---

[3] We have construed Eric's issues and supporting arguments liberally in the interest of justice. *See **Walker v. Thornton***, 67 S.W.3d 475, 478 (Tex. App.–Texarkana 2002, no pet.). However, we hold a pro se litigant to the same standards as a licensed attorney, and he must, therefore, comply with all applicable laws and rules of procedure. *See **Zavala v. Franco***, 622 S.W.3d 612, 617 (Tex. App.–El Paso 2021, pet. denied); ***Serrano v. Pellicano Park, L.L.C.***, 441 S.W.3d 517, 520 (Tex. App.–El Paso 2014, pet. dism'd w.o.j.); *see also **Wheeler v. Green***, 157 S.W.3d 439, 444 (Tex. 2005) (recognizing that pro se litigants are not exempt from the rules of procedure). If pro se litigants were not required to comply with applicable laws and rules of procedure, they would be given an unfair advantage over parties represented by counsel. ***Zavala***, 622 S.W.3d at 617; *see also **Mansfield State Bank v. Cohn***, 573 S.W.2d 181, 184 (Tex. 1978). And, as the Texas Supreme Court has recognized, "[h]aving two sets of rules—a strict set for attorneys and a lenient set for pro se parties—might encourage litigants to discard their valuable right to the advice and assistance of counsel." ***Wheeler***, 157 S.W.3d at 444.

interest to grant repose by requiring that disputes be settled or barred within a reasonable time. *Id.*

In his pleadings, Eric makes allegations giving rise to causes of action for a will contest, as well as fraud and breach of fiduciary duty related to Fairy's alleged failure to give him notice of the probate proceedings.[4]  *See* TEX. ESTATES CODE ANN. § 256.204 (West 2020) (TEX. PROB. CODE ANN. § 93)[5] (providing two-year limitations period from date will admitted to probate for interested person to file will contest); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.004(4), (5) (West 2002) (providing four-year limitations period for fraud and breach of fiduciary duty actions).

**Will Contest**

After a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate, except that an interested person may commence a suit to cancel a will for forgery or other fraud not later than the second anniversary of the date the forgery or fraud was discovered. TEX. ESTATES CODE ANN. § 256.204(a).  An "interested person" includes "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." *Id.* § 22.018(1) (West 2020) (TEX. PROB. CODE § 3(r)).  "Heir" means a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate, including the decedent's surviving spouse.  *See id.* § 22.015 (West 2020)

---

[4] We note that Eric requested declaratory relief in the trial court.  Because a declaratory judgment action is a procedural device used to determine substantive rights, we must look to the legal remedy underlying the cause of action to determine the applicable limitations period.  *Ammerman v. Ranches of Clear Creek Cmty. Ass'n, Inc.*, 562 S.W.3d 622, 636 (Tex. App.–Houston [1st Dist.] 2018, no pet.).  Thus, if Eric's causes of action for a will contest, fraud, and breach of fiduciary duty are barred by limitations, the declaratory relief he seeks likewise is time barred.  *See id.*

[5] We rely on the Probate Code provisions in effect at the time of Decedent's death unless later enacted legislation is expressly made applicable to the proceeding.  *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 12, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014) (repealing and recodifying Probate Code as Estates Code, effective January 1, 2014); *see also, e.g.*, Act of May 21, 2013, 83rd Leg., R.S., ch. 1136, § 62, 2013 Tex. Gen. Laws 2737, 2754 (eff. Jan. 1, 2014) (applying specified substantive amendments to Estates Code to proceedings pending or initiated on or after January 1, 2014).  All citations to the Probate Code refer to the version of the Code in effect on July 23, 2008.  However, where the Estates Code provisions are substantively similar to the predecessor Probate Code provisions, and absent a savings clause making the Probate Code the only applicable provision, we will cite to the Estates Code and, after the initial citation, provide a parenthetical setting forth the corresponding section of the Probate Code for reference.  *See* Act of May 26, 2009, 81st Leg., R.S., ch. 680, § 11, 2009 Tex. Gen. Laws 1512, 1732 (eff. Jan. 1, 2014) (providing recodification was intended to be nonsubstantive); *see also In re Estate of Harris*, No. 02-19-00333-CV, 2021 WL 832721, at *2 (Tex. App.–Fort Worth Mar. 4, 2021, pet. denied) (mem. op.).

(TEX. PROB. CODE § 3(o)). Here, in his will, Hershell states that Eric is his son. Thus, because the record supports the existence of only one will in the probate proceeding at issue, were Eric to successfully challenge the will due to Hershell's incapacity, he potentially would be entitled to inherit as Hershell's heir under intestate succession. *See id.* § 201.003(c) (West 2020) (TEX. PROB. CODE § 45); *see also* **In re Estate of Adams**, No. 14-12-00064-CV, 2013 WL 84925, at *4 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (mem. op.). Therefore, we conclude that Eric is an "interested person" under Section 256.204.

Generally, Texas courts have refused to apply the discovery rule to claims arising out of probate proceedings, even in cases involving allegations of fraud.[6] *See* **Little v. Smith**, 943 S.W.2d 414, 420 (Tex.1997); **Evans v. Allen**, 358 S.W.3d 358, 365 (Tex. App.–Houston [1st Dist.] 2011, no pet.). "A person is charged with constructive notice of the actual knowledge that could have been acquired by examining public records." **Mooney v. Harlin**, 622 S.W.2d 83, 85 (Tex. 1981). Constructive notice creates an irrebuttable presumption of actual notice. **Id.** "Persons interested in an estate admitted to probate are charged with notice of the contents of the probate records." **Id.**; *see* **Little**, 943 S.W.2d at 420 ("Such claims [arising out of probate proceedings] are barred by limitations because the claimant has constructive notice of the probate proceedings."); **In re Estate of McGarr**, 10 S.W.3d 373, 377 (Tex. App.–Corpus Christi 1999, pet. denied) ("Even in probate cases involving allegations of fraud, Texas courts have refused to apply the discovery rule because of the doctrine of constructive notice and the strong public interest in according finality to probate proceedings"). Thus, at the time a will is admitted to probate, a potential contestant has constructive knowledge of the date the testator executed the will and the fact that the contestant is not a beneficiary named in the will. *See* **Mooney**, 622 S.W.2d at 85; **Evans**, 358 S.W.3d at 365. In such a case, the statute of limitations begins to run

---

[6] We note that the plain language of Section 256.204 provides an exception to the general two-year statute of limitations only in cases of "forgery or other fraud." TEX. ESTATES CODE § 256.204(a) (West 2020) (TEX PROB. CODE § 93). The statute does not refer to testamentary capacity. When interpreting a statute, we begin with the plain language of the statute because "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." **Fitzgerald v. Advanced Spine Fixation Sys., Inc.**, 996 S.W.2d 864, 866 (Tex. 1999). Eric does not argue and cites no authority for the proposition that Hershell's purported lack of testamentary capacity constitutes "other fraud" such that this issue falls within the limitations exception. *See* **Neill v. Yett**, 746 S.W.2d 32, 35 (Tex. App.–Austin 1988, writ denied) ("The type of fraud that invalidates a probate judgment upon attack pursuant to [Section] 93 is extrinsic fraud, not intrinsic fraud. Fraud is considered 'intrinsic' when the fraudulent acts pertain to an issue that was, or could have been, litigated in the original suit. On the other hand, fraud is 'extrinsic' when the fraudulent acts prevent a party from either having a trial or prevent him from having a fair opportunity to present his case"). Thus, we focus only on Eric's claims that Fairy's failure to notify him of the probate proceedings constituted fraud.

on the date the will was admitted to probate. *See Mooney*, 622 S.W.2d at 85; *Evans*, 358 S.W.3d at 365.

Here, on September 2, 2008, the trial court issued the citation by posting.[7] *See* TEX. ESTATES CODE ANN. §§ 258.001(b), 303.001 (West 2020) (TEX. PROB. CODE § 128(a)). Hershell's will was admitted to probate on September 9. Eric is charged with constructive notice of the will's admission to probate. *See Mooney*, 622 S.W.2d at 85; *Evans*, 358 S.W.3d at 365. Therefore, Eric's suit seeking to contest the will filed more than thirteen years later is untimely.

Eric argues, however, that Fairy and her attorney committed extrinsic fraud by failing to give him notice of the probate proceedings and, thus, the limitations period should be tolled until he discovered that the probate of his father's estate had taken place. *See* TEX. ESTATES CODE § 256.204(a). His argument is based on the notion that he is, in fact, a beneficiary of Hershell's will, which states, in pertinent part, as follows:

**<u>DISPOSITION OF ESTATE</u>**

A.     If my wife, FAIRY JEAN BURNS, survives me, I give, devise and bequeath all of my estate of whatsoever kind and wheresoever situated to my wife, FAIRY JEAN BURNS. I have already give my son, ERIC DEWAYNE BURNS, a 1985 Chevrolet Corvette for his inheritance from my estate.

According to Eric's interpretation of this clause, the use of the word "give" demonstrates Hershell's present intention to transfer the 1985 Corvette as part of the estate, thereby making Eric a beneficiary, who is entitled to notice by registered or certified mail, return receipt requested. *See id.* §§ 308.002(a), (d), 308.003 (West 2020) (TEX PROB. CODE § 128A). We disagree.

We review a trial court's construction of unambiguous language in a will de novo. *Jinkins v. Jinkins*, 522 S.W.3d 771, 779 (Tex. App.–Houston [1st Dist.] 2017, no pet.). When interpreting a will, courts focus on the testator's intent as reflected in the instrument as a whole. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000); *see Welch v. Straach*, 531 S.W.2d 319, 322 (Tex. 1975) (concluding that "all parts of the testamentary

---

[7] The record reflects that Hershell's will was offered for probate within four years after the date of his death and that Fairy produced the will to the probate court, not a copy. Accordingly, Hershell's "heirs" were not entitled to the same notice as they would have been had the will been offered for probate after the four-year period or had no will been produced in court. *See* TEX. ESTATES CODE ANN. §§ 258.002, 258.051 (West 2020) (TEX. PROB. CODE §§ 128(b), 128B). Because neither of these conditions was present, there was no legal reason for Fairy to send such notice to Eric.

writings . . . are to be harmonized and given effect"). The court must ascertain the testator's intent from the language expressed within the four corners of the will. *Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980); *Rosen v. Wells Fargo Bank Tex., N.A.*, 114 S.W.3d 145, 158 (Tex. App.–Austin 2003, no pet.). Thus, the court must scrutinize the words actually used by the testator instead of the words he may have intended to write. *Hysaw v. Dawkins*, 483 S.W.3d 1, 7 (Tex. 2016). "In this light, courts must not redraft wills to vary or add provisions 'under the guise of construction of the language of the will' to reach a presumed intent." *Lang*, 35 S.W.3d at 639 (quoting *Stahl*, 610 S.W.2d at 151). When a trial court's construction of an unambiguous will is erroneous, an appellate court will reverse the trial court's judgment and render the judgment the trial court should have rendered. *Brewer v. Fountain*, 583 S.W.3d 871, 876 (Tex. App.–Houston [1st Dist.] 2019, no pet.).

The phrase "have given" is in the present perfect tense and is formed by using "have" with the past participle of the verb "give." *See present perfect*, THE AMERICAN HERITAGE DICTIONARY (2nd College ed. 1982). The present perfect tense describes an action that happened or began at an indefinite time in the past. *See id.*; *see, e.g.*, JOHN E. WARRINER, WARRINER'S ENGLISH GRAMMAR AND COMPOSITION: COMPLETE COURSE 201 (Harcourt Brace Jovanovich, Inc., Liberty ed. 1986). In this context, the word "already" means "previously." *Already*, THE AMERICAN HERITAGE DICTIONARY (2nd College ed. 1982). And as far as we are aware, the phrase "have give" is not indicative of a known tense or phrase common in the English language. Nonetheless, despite this quite apparent typographical error, we are bound to scrutinize the words actually used. *See Dawkins*, 483 S.W.3d at 7. Based on our reading of the entirety of the will, and our interpretation of its language, we conclude that Hershell intended to leave his entire estate to Fairy. His statement, "I have already give my son . . . a 1985 Corvette for his inheritance" reasonably can be interpreted to mean, "I previously have given my son a 1985 Corvette for his inheritance."

In sum, under the terms of Hershell's will, Eric was an "interested person," not a "beneficiary." *See* TEX. ESTATES CODE ANN. § 22.018(1). Accordingly, he was not entitled to receive notice in accordance with Section 308.002. Rather, as an "interested" person, he was entitled to receive notice by posting, which the record supports was undertaken. *See id.* §§ 258.001(b), 303.001. Therefore, based on our review of the record, we hold that there is no summary judgment evidence which supports Eric's claim that Fairy and her attorney committed

extrinsic fraud. Accordingly, the record does not support his argument that the limitations period should be tolled under Section 256.204.

**Fraud and Breach of Fiduciary Duty**

As set forth above, Eric had constructive notice of the probate proceedings, and nothing served to toll the claims which arose from those proceedings. Therefore, his causes of action for fraud and breach of fiduciary duty are untimely. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.004(4), (5). Moreover, even if these causes of action somehow were filed timely, we have held that Fairy acted in accordance with the rules governing service of "interested persons." Thus, there is no basis for Eric's claims for fraud and breach of fiduciary duty, both of which stem from his argument that Fairy was required to serve him as if he were a beneficiary in accordance with Section 308.002. Eric's third issue is overruled.

## JURISDICTION

In his second issue, Eric argues that because he was not notified of the probate proceedings, the probate court lacked in personum jurisdiction over him and, as a result, its admittance of Hershell's will to probate was the equivalent of a default judgment. We reiterate that Eric received constructive notice of the proceedings in accordance with the law. *See* TEX. ESTATES CODE ANN. §§ 258.001(b), 303.001. And, as noted previously, constructive notice in law creates an irrebuttable presumption of actual notice. *See **Mooney***, 622 S.W.2d at 85. Furthermore, probate proceedings are actions in rem and bind all persons unless set aside in the manner provided by law. *See **id.*** Thus, we hold that Eric's argument that the probate court lacked in personum jurisdiction over him is baseless.[8] Eric's second issue is overruled.

## EXCLUSION OF EVIDENCE

---

[8] Eric also asserts that the notice-by-posting-of-citation procedure in probate cases is unconstitutional. In support of his contention, he relies on ***Sgitovich v. Sgitovich***, 241 S.W.2d 142 (Tex. 1951). Once again, probate proceedings are actions in rem, not in personam. *See **Mooney v. Harlin***, 622 S.W.2d 83, 85 (Tex. 1981). The posting of citation in probate cases, which occurred in the subject probate proceeding, is the proper and authorized method by which the public and "interested persons" are notified of the filing of the application for probate. *See* TEX. ESTATES CODE ANN. §§ 258.001(b), 303.001 (West 2020) (TEX. PROB. CODE § 128(a)). ***Sgitovich*** does not involve a probate case, but rather pertains to substituted service of a party under Texas Rule of Civil Procedure 106, which the supreme court upheld. *See **Sgitovich***, 241 S.W.2d at 147–48. We conclude that Eric's reliance on ***Sgitovich*** is misplaced in his constitutional attack on the underlying, in rem, probate proceeding.

In his first issue, Eric contends that the trial court abused its discretion in refusing to admit medical records he offered at the hearing on Fairy's motion for summary judgment.[9]

We review a trial court's ruling concerning the admission or exclusion of summary judgment evidence for an abuse of discretion. *First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 147 (Tex. App.–El Paso 2011, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *See id.* The trial court's evidentiary ruling will be upheld if there is any legitimate basis for the ruling. *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.–Dallas 2008, no pet.) (citing *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998)).

Here, Eric offered the medical records at issue at the hearing on Fairy's motion for summary judgment. Except on leave of court, the party responding to summary judgment must serve its response and supporting evidence not later than seven days prior to the day of the hearing. *See* TEX. R. CIV. P. 166a(c). Because Eric offered the evidence at issue during the hearing on Fairy's motion for summary judgment, the offer was untimely.[10] *See id.* But even had Eric timely offered the medical records, the trial court's exclusion of them would not amount to an abuse of discretion.

Evidence is relevant, and, therefore, admissible, if it has any tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401, 402; *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 237–38 (Tex. 2011). To determine relevancy, the court must look at the purpose for offering the evidence. *Serv. Lloyds Ins. Co. v. Martin*, 855 S.W.2d 816, 822 (Tex. App.–Dallas 1993, no writ). There must be some logical connection, either directly or by inference, between the evidence offered and the fact to be proved. *See Rhey v. Redic*, 408 S.W.3d 440, 460 (Tex. App.–El Paso 2013, no pet.) (citing *Martin*, 855 S.W.2d at 822).

---

[9] The evidence appears in the record by way of Eric's bill of exception.

[10] At trial, Eric claimed that he did not receive the medical records until the day of the hearing. However, he did not seek a continuance of the proceedings or otherwise request leave to introduce the evidence. *See* TEX. R. CIV. P. 166a(c) (providing opportunity for responding party, upon leave of court, to file and serve opposing evidence or other written response).

In the instant case, the evidence at issue consisted of Hershell's medical records from his time in hospice care—the period during which he executed the will. These records indicate that, among other medications, Hershell was administered morphine during that time period. At trial, Eric argued that these records are relevant to his claim because they support that Hershell "lacked testamentary capacity to execute important documents while under the influence of his prescribed pain medications, which made him legally intoxicated as a matter of law." What Eric misperceives in making this argument is that the basis of Fairy's motion for summary judgment is that Eric's will contest is untimely under the applicable statute of limitations. Therefore, because the excluded evidence did not make the existence of any fact that is of consequence to the determination of the issue of limitations more probable or less probable than it would be without the evidence, we conclude that it was not relevant and, therefore, inadmissible. *See* TEX. R. EVID. 401, 402. Because the trial court did not abuse its discretion in excluding the evidence, we overrule Eric's first issue. *See* TEX. R. EVID. 402.

## DISPOSITION

Having overruled Eric's first, second, and third issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00256-CV**

**ERIC D. BURNS,**
Appellant
V.
**FAIRY JEAN BURNS,**
Appellee

---

Appeal from the County Court at Law No 2
of Smith County, Texas (Tr.Ct.No. 73576-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against Appellant, **ERIC D. BURNS**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*