**Richard C. WILLIS, Appellant,**

v.

**SCOTTISH RITE HOSPITAL FOR CRIPPLED CHILDREN et al., Appellees.**

**No. 5125.**

Court of Civil Appeals of Texas, Eastland.

March 9, 1978.

Rehearing Denied March 30, 1978.

Cleatus M. Phelan, McKinney, for appellant.

J. E. Abernathy, Stan McWilliams, Orr & McWilliams, McKinney, James H. Walker and Leonard E. Choate, Robert E. Burns, Burford, Ryburn & Ford, Dallas, John L. Hill, Atty. Gen., Katherine L. Chapman, Asst. Atty. Gen., Austin, for appellees.

RALEIGH BROWN, Justice.

This is a summary judgment case. Richard C. Willis, as an heir at law, by suit filed on February 22, 1977, sought to vacate and set aside a County Court order, dated January 5, 1953, admitting to probate the will of Charles Thomas Tatum. His suit is based on fraud, namely, the concealment of a later will of Charles Tatum by Nettie Edna Womble. Scottish Rite Hospital for Crippled Children and Buckner Orphans Home, beneficiaries under the Tatum will, O. E. Carlisle, Independent Executor named in the will and the Attorney General of Texas answered and filed motions for summary judgment contending, primarily, that Willis' claim was barred by limitations. Willis also filed a motion for summary judgment. The Willis motion was denied; defendants' were granted. Willis appeals. We affirm.

Charles Thomas Tatum died December 19, 1952. He left a formal will dated May 25, 1945, which was admitted to probate on January 5, 1953. The will left certain specific bequests; plus a specific devise of 150 acres of land, $10,000 and an automobile to Nettie Edna Womble who had been Mr. Tatum's housekeeper for nineteen years. The remainder of the estate was left one-half to Buckner Orphans Home and one-half to the Scottish Rite Hospital for Crippled Children in Dallas, Texas. Lee Atkins and O. E. Carlisle were named as executors of the estate.

Mrs. Womble was dissatisfied and on August 17, 1953, she executed a settlement agreement and release whereby for additional cash and acreage she released all claims against the estate. Later, Mrs. Womble produced an instrument which she claimed was a holographic will of Charles Tatum dated December 9, 1952, ten days before his death, naming her as his sole beneficiary. June 1, 1954, she offered this instrument for probate. It is the fraudulent concealment of this will that Willis predicates the case at bar.

The litigation involving the Charles Thomas Tatum Estate, resulting from Mrs. Womble's effort to probate the holographic will of Mr. Tatum, is presented in *Atkins v. Womble,* 300 S.W.2d 688 (Tex.Civ.App.— Dallas 1957, writ ref. n.r.e.); *Womble v. Atkins,* 314 S.W.2d 150 (Tex.Civ.App.—Dallas 1958), aff'd, 331 S.W.2d 294 (Tex.1960); and *Buckner Orphans Home v. Berry,* 332 S.W.2d 771 (Tex.Civ.App.—Dallas 1960, writ ref. n.r.e.).

Willis argues the trial court erred in granting appellees' motion for summary judgment for the reason there were genuine issues as to the material facts because appellees did not negate the exception to the limitation statutes as set forth in Article 5535, T.R.C.S., and an issue of fact exists as to the time the alleged fraudulent concealment was or should have been discovered. We disagree.

The court in *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975) said:

" . . . When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension statute, such as Article 5537, or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until, the movant meets his burden of negating the applicability of these issues. *Oram v. General American Oil Co.,* 513 S.W.2d 533 (Tex. 1974). The holding to the contrary in *Mehaffey v. Barrett Mobile Home Transport, Inc.,* 473 S.W.2d 643 (Tex.Civ.App. 1971, no writ) is disapproved."

In *Wixom v. Bowers,* 152 S.W.2d 896 (Tex.Civ.App.—Galveston 1941, writ ref. want merit), the court said:

"It is the general rule in this state that when a defendant pleads limitation to a cause of action, it is incumbent upon the plaintiff to plead facts showing that he is within one of the exceptions to the statute. *Lewis v. Saylors,* Tex.Civ.App., 37 S.W.2d 760; *Price v. Powell,* Tex.Civ. App., 57 S.W.2d 1121; *Smith v. Bradshaw,* Tex.Civ.App., 93 S.W.2d 468; *Unit-*

*ed States Royalty Association v. Stiles,* Tex.Civ.App., 131 S.W.2d 1060; Note, 115 A.L.R. 755, 766; 28 Tex.Jur. 294 et seq."

See also *Morton v. Morton,* 286 S.W.2d 702 (Tex.Civ.App.—Texarkana 1955, no writ); *Dixon v. Henderson,* 267 S.W.2d 869 (Tex. Civ.App.—Texarkana 1954, no writ).

The court in *Womack v. Allstate Insurance Company,* 296 S.W.2d 233 (Tex.1956) said:

" . . . Under the provisions of Rule 166–A, Texas Rules of Civil Procedure, summary judgment may be rendered only if the pleadings, depositions, admissions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court will normally look to the pleadings to determine the issues that may exist in the case, but when the depositions, admissions or affidavits disclose facts which show that an amendment to the pleadings of the opposite party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law . . . ."

Appellees specifically pled various statutes of limitation as a bar to recovery by Willis, the instant case having been filed February 22, 1977. Our examination of Willis' pleadings reflect that no pleas nor any summary judgment evidence of disability of any kind tolling the statutes of limitation beyond the year 1961 were set up by him. Willis cannot now avail himself of these defenses.

The Willis challenge to the 1953 order admitting to probate the Tatum will dated May 25, 1945, was based on the fraud of Nettie Womble in concealing the Tatum will dated December 9, 1952, not fraud in the procurement of the execution of the 1945 will. Section 93, V.A.T.S., Probate Code, provides:

"Period for Contesting Probate

After a will has been admitted to probate, any interested person may institute

suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to institute such contest. Acts 1955, 54th Leg., p. 88, ch. 55."

As stated in *Ladehoff v. Ladehoff,* 436 S.W.2d 334 (Tex.1968):

" . . . An attack upon a probate judgment under Section 93 is a method for making a direct attack which is in addition to the forms for direct attacks authorized by Sections 28 and 30, which are appellate in nature. *City of Tyler v. First National Bank of Beaumont,* 46 S.W.2d 454 (Tex.Civ.App.1932, writ ref.); see *Pure Oil Co. v. Reece,* 124 Tex. 476, 78 S.W.2d 932 (1935)."

For fraud to be a ground for vacating a judgment, the rule in Texas is as stated in *Alexander v. Hagedorn,* 226 S.W.2d 996 (Tex.1950):

"Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will entitle a complainant to relief because it is a wrongful act committed 'by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial . . .' "

Nettie Edna Womble concealed the 1952 will during the probate of the 1945 will and for a period of time afterwards. This concealment could have been extrinsic fraud, which would authorize the vacating of the January 5, 1953 order, only to those who had a claim or defense which was prevented from being presented by the concealment. Any beneficiary under the 1952 will would have been denied knowledge of his right as an interested person to contest the 1945 will by the concealment and thus the concealment would have amounted to extrinsic fraud.

Nettie Edna Womble was the sole beneficiary under the 1952 will. By her concealment of the will, no one else, including Willis, was prevented from asserting a claim or defense in the hearing on the 1945 will. Therefore, there was no extrinsic fraud which would support a suit to set aside the 1945 will pursuant to Section 93, V.A.T.S., Probate Code. The discovery by Willis of the alleged fraud is immaterial. His cause of action is barred.

The court in *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970) discussing the matter of rendering or affirming a summary judgment in favor of a defendant, said:

" . . . In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, governs. It provides:

'The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that,* except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'*

The provisions of Rule 166–A are applicable alike to defendants and plaintiffs who move for summary judgment; the judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law."

We hold appellees were entitled to judgment as a matter of law. This holding

makes it unnecessary to consider appellant's other points of error.

The judgment is affirmed.