Irmalee NEILL, Appellant,

v.

Virgie O. YETT, Independent Executrix of the Estate of W.T. Yett, Deceased, et al., Appellees.

No. 3–87–170–CV.

Court of Appeals of Texas,
Austin.

Feb. 17, 1988.
Rehearing Denied March 16, 1988.

**33**

Keith L. Merrick, Port Lavaca, for appellant.

Jim Mattox, Atty. Gen., Honorable Ann Kitchen, Asst. Atty. Gen., Austin, for Charitable Trusts Section.

Robert Q. Keith, Mehaffy, Weber, Keith & Gonsoulin, Johnson City, for Virgie O. Yett.

Arthur H. Bayern, Bayern, Paterson, Aycock & Amen, San Antonio, for Frost Nat'l Bank.

Michael C. Boyle, Kessler, Kessler, Vaughan & Boyle, Uvalde, for Ottis A.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Irmalee Neill seeks to set aside a summary judgment rendered by the district court of Blanco County in a will contest in which she was the contestant. The summary judgment ordered that Neill take nothing by her suit. Appellees are Virgie O. Yett, Independent Executrix and Co–Trustee under the will; Frost National Bank, Co–Trustee under the will; the Attorney General of Texas; and Ottis A. West and North O. West, attorneys at law. This Court will affirm the summary judgment.

The testator, W.T. Yett, died at age eighty-seven on May 8, 1981. Appellant Neill is the granddaughter of the testator and his wife, appellee Virgie O. Yett. Irmalee and her grandparents were never close although she did attend her grandfather's funeral.

Virgie O. Yett filed her husband's will for probate in the Blanco County Court on May 27, 1981. By the terms of the will, W.T. Yett bequeathed personal items to his wife and a specific cash gift to the Blanco United Methodist Church. The testator then devised the residue of his estate to a charitable trust created by the will for the purpose of providing scholarships to further the education of deserving graduates of Blanco County high schools. The co-trustees were directed by the will to pay a percentage of the trust annually to Virgie O. Yett for the remainder of her life. Irmalee Neill was not remembered in the will.

The Sheriff of Blanco County posted notice of the application for probate which was returned on June 8, 1981. After hearing, the will was admitted to probate on July 9, 1981.

More than three years later, on July 27, 1984, Irmalee filed her petition contesting the validity of her grandfather's will. Thereafter, the contest was transferred to the district court of Blanco County. Tex. Prob.Code Ann. § 5(b) (1980).

As this Court understands Irmalee's pleading, she sought to set aside the judgment of probate on the following grounds:

1. The probate judgment is void because posting citation, although in

compliance with Tex. Probate Code § 128(a), deprived her of due process;

2. The probate court judgment is invalid because:

(a) The will was not signed by the testator;

(b) W.T. Yett lacked testamentary capacity to execute the will;

(c) The will was the result of undue influence exercised upon W.T. Yett.

Irmalee pleaded, alternatively, that the district court should impose a constructive trust upon the property of W.T. Yett in favor of those entitled to same under the laws of descent and distribution. The basis for the imposition of a constructive trust was the claimed fraud "on the court" practiced by Virgie O. Yett, the bank and attorneys West in offering the will for probate when they supposedly knew that such instrument was not a valid will.

Finally, Irmalee pleaded a cause of action against her grandmother, the bank, and the attorneys for damages for tortious interference with her "statutory and constitutional rights and her inheritance expectancy."

As grounds for summary judgment, appellees asserted that:

(1) Service of process of the notice of probate was lawful;

(2) Irmalee's contest of the probate judgment was barred by the two-year statute of limitations set out in Tex. Probate Code Ann. § 93;

(3) The claimed cause of action for fraud was barred by the two-year statute of limitations;

(4) There exists no cause of action for tortious interference with an "inheritance expectancy" or if such cause of action exists, then Irmalee was barred from asserting it by reason of the two-year statute of limitations.

■ The district court properly concluded that the probate court judgment was not void for want of service. Texas Probate Code § 128 provides:

When an application for the probate of a written will produced in court is filed with the clerk, he shall issue a citation to all parties interested in such estate, which citation shall be served by posting and shall state:

(1) That such application has been filed, and the nature of it.

(2) The name of the deceased and of the applicant.

(3) The time when such application will be acted upon.

(4) That all persons interested in the estate should appear at the time named therein and contest said application, should they desire to do so.

In this appeal, service was posted in compliance with § 128. Contrary to Irmalee's contention, due process does not require personal service upon her. *Estate of Ross*, 672 S.W.2d 315 (Tex.App.1984, writ ref'd n.r.e.), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985).

Appellees urge that the district court properly granted summary judgment based upon Tex. Probate Code § 93. Section 93 limits the period for contesting probate and provides in part:

After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, *within two years* after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward.

(Emphasis supplied).

In support of the § 93 defense, appellees brought forward summary judgment proof showing that the will was admitted to probate on July 9, 1981, and that more than three years later, on July 27, 1984, Irmalee filed her petition contesting the will.

■ If Irmalee wished to avoid appellees' § 93 defense, she had the burden to plead and marshal summary judgment proof that the will should be "cancelled for fraud."[1] *"Moore" Burger, Inc. v. Phillips*

---

1. Irmalee does not contend that the will is a forgery.

*Petroleum Company,* 492 S.W.2d 934, 936 (Tex.1973). The type of fraud that invalidates a probate judgment upon attack pursuant to § 93 is extrinsic fraud, not intrinsic fraud. *Willis v. Scottish Rite Hospital,* 563 S.W.2d 390 (Tex.Civ.App.1978, writ ref'd n.r.e.).

■ Fraud is considered "intrinsic" when the fraudulent acts pertain to an issue that was, or could have been, litigated in the original suit. On the other hand, fraud is extrinsic when the fraudulent acts prevent a party from either having a trial or prevent him from having a fair opportunity to present his case. *Mills v. Baird,* 147 S.W.2d 312, 316–17 (Tex.Civ.App.1941, writ ref'd).

■ As this Court understands her response and summary judgment proof, Irmalee did not show any extrinsic fraud. No appellee took any act that induced appellant to delay filing a contest to the probate of the will nor did any appellee do any thing which prevented her from filing her contest before she did. There was not even a showing of contact or communication between appellees and Irmalee. In fact, appellees West never knew of appellant's existence until she filed the contest.

Irmalee's effort to avoid the § 93 bar fails for the reason that her summary judgment proof, at best, raises only issues of fact concerning claimed intrinsic fraud. As we understand, her summary judgment proof is supportive of the contentions that W.T. Yett did not sign the will; that he lacked testamentary capacity; that the will was the result of the exercise of undue influence practiced upon Yett; that appellees knew that Yett lacked testamentary capacity but nevertheless offered the will for probate; and that appellees concealed the fact that the instrument offered for probate was not the will of W.T. Yett. Such summary judgment proof supported shades or phases of issues that were, or could have been, adjudicated in the probate proceeding and hence constituted intrinsic rather than extrinsic fraud. *Mills v. Baird, supra.*

■ With respect to Irmalee's alternate theories for recovery, there are several reasons for the affirmance of the summary judgment for appellees. Irmalee sought the imposition of a constructive trust for her benefit upon all of the properties of W.T. Yett by reason of appellees' claimed fraud. It is plain, however, that before the district court could impose a constructive trust upon the property of the estate, the probate court judgment admitting the will to probate would have to first be set aside. *Messer v. Carnes,* 71 S.W.2d 580 (Tex.Civ.App.1934, no writ). This Irmalee has not done; instead, the probate court judgment stands as a valid and final judgment. In the same manner, the final probate court judgment bars Irmalee's claim that appellees tortiously interfered with her "inheritance expectancy." In face of the final and valid probate court judgment, Irmalee has *no* "inheritance expectancy."

In addition and insofar as this Court can discern, Irmalee does not set out the elements of her claimed cause of action for tortious interference with her "statutory and constitutional rights and her inheritance expectancy" nor does she set out the manner in which she meets those requirements. Although this Court does not discover any such analysis in her brief, Irmalee does refer the Court to *King v. Acker,* 725 S.W.2d 750 (Tex.App.1987, no writ). In *King,* the First Court of Appeals did conclude, generally, "that a cause of action for tortious interference with inheritance rights exists in Texas"; however, the Court did not set out the elements of the cause.

In any event and if, indeed, a cause of action for tortious interference with an "inheritance expectancy" exists, the district court properly granted summary judgment. The summary judgment proof conclusively established that such cause, as well as the claim for fraud upon which a constructive trust might be imposed, was barred by limitations.

■ Suits for damages for fraud are governed by the two-year statute of limitations, *Quinn v. Press,* 135 Tex. 60, 140 S.W.2d 438 (1940), as are suits for tortious

interference with relations. *First Nat. Bank of Eagle Pass v. Levine,* 721 S.W.2d 287 (Tex.1986). Limitations begin to run when the fraud is discovered or from the time the fraud might have been discovered through reasonable diligence. *Sherman v. Sipper,* 137 Tex. 85, 152 S.W.2d 319 (1941).

Constructive notice in law creates an irrebuttable presumption of actual notice. *See Hexter v. Pratt,* 10 S.W.2d 692, 693 (Tex.Comm'n App.1928, jdgmt. adopted); *University State Bank v. Gifford–Hill Concrete Corp.,* 431 S.W.2d 561, 570 (Tex.Civ.App.1968, writ ref'd n.r.e.). Probate proceedings are actions *in rem* and bind all persons unless set aside in the manner provided by law. *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 336–37 (Tex.1968). Persons interested in an estate admitted to probate are charged with notice of the contents of the probate records. *Mooney v. Harlin,* 622 S.W.2d 83 (Tex.1981).

Examination of the probate records in this cause would have disclosed that the will of W.T. Yett made no bequest or devise to Irmalee. Irmalee was charged with notice that she received nothing by her grandfather's will and she should have begun her investigation of the facts surrounding the execution of the will upon receiving such notice. The statute of limitations began to run when W.T. Yett's will was admitted to probate. *Mooney v. Harlin, supra.*

Irmalee, however, filed her suit more than two years from the date of the order admitting the will to probate. As a matter of law, Irmalee's suit for fraud and for tortious interference with her "inheritance expectancy" was barred by the two-year statute of limitations.

Irmalee has other points of error, none of which is meritorious, and each is here overruled.

The judgment is affirmed.